STATE OF MAINE
CUMBERLAND, ss.

BUSINESS & CONSUMER COURT
CIVIL ACTION
DOCKET NO. BCD-APP-2023-00003

POZZI, LLC,

    Petitioner,

   v.

MAINE BUREAU OF ALCOHOLIC
BEVERAGES AND LOTTERY
OPERATIONS,

DEVON COOK, HEARING OFFICER,
MAINE BUREAU OF ALCHOLIC
BEVERAGES AND LOTTERY
OPERATIONS,

    And

GREGORY MINEO, DIRECTOR,
MAINE BUREAU OF ALCHOLIC
BEVERAGES AND LOTTERY
OPERATIONS,

    Respondents.[1]

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

ORDER DENYING PETITIONER
POZZI, LLC'S MOTION FOR
STAY OF FINAL AGENCY
ACTION

## BACKGROUND

Before the Court is a Motion for Judicial Stay of Final Agency Action filed by Petitioner Pozzi, LLC, doing business as Bow Street Beverage Wells (the "Petitioner"). By and through its motion, Petitioner requests this Court stay the Maine Bureau of Alcoholic Beverages and Lottery Operations' (the "Bureau") issuance of Agency Liquor Store License No. AGN-2023-15198.

---

[1] In its opposition to the motion at issue, Maine Bureau of Alcoholic Beverages and Lottery Operations represented its intention to remove, by motion, the individual respondents as named parties. To date, no such motion has been filed.

1

Pursuant to 28-A M.R.S. § 453 and consistent with its licensing procedures, codified as 18-553 C.M.R. ch. 120, §§ 120.1-120.6, the Bureau issued AGN-2023-15198 to Energy North Incorporated, doing business as Wells Clipper Mart, on May 18, 2023.[2] Admin. Record Ex. 10. Petitioner appealed that decision pursuant to Maine Rule of Civil Procedure 80C, and on May 24, 2023, it requested the Bureau stay its decision issuing AGN-2023-15198 during the pendency of Petitioner's Rule 80C appeal. Pet'r's Ex. B. The Bureau denied the Petitioner's motion to stay the issuance of the license to Wells Clipper Mart on June 5, 2023, noting that Petitioner failed to carry its burden to demonstrate the requirements for a stay. Pet'r's Ex. C.

Petitioner now seeks a judicial stay of the Bureau's decision issuing AGN-2023-15198 to Wells Clipper Mart pursuant to 5 M.R.S. § 11004. The Court decides Petitioner's motion on the administrative record, which was filed by the Bureau on July 14, 2023, and on the parties' submissions. M.R. Civ. P. 7(b)(7). For the reasons discussed below, the Motion for Judicial Stay of Final Agency Action is DENIED.

## DISCUSSION

After a petitioner applies to the agency for relief from its final judgment and the application is denied, a court may grant a stay of the final agency action if the petitioner can show "irreparable injury to [it], a strong likelihood of success on the merits, and no substantial harm to adverse parties or the general public." 5 M.R.S. § 11004 (2023); *see Me. Grocers Ass'n v. Me. State Liquor & Lottery Comm'n*, No. CV94377, 1994 WL 16902095, at *1 (Me. Super. Ct. Nov. 3, 1994) ("[t]he criteria for consideration of a stay are essentially similar to the criteria for consideration of a request for preliminary injunction"). The final agency judgment will be stayed only if the court

---

[2] AGN-2023-15198 is a Class VIII License for the Sale of Beer, Wine and Spirits. *E.g.*, Admin. Record Ex. 3A-3E. Separately, Petitioner holds a Class VI and Class VII Licenses for Retail Off-Premises Sale of Malt Liquor and Wine, which will expire during March of 2024. Admin. Record Ex. 10, 4.

2

makes each finding in the petitioner's favor. *Two Bros, LLC v. State, Dept. of Health and Human Servs.*, No. AP 21-01, 2021 WL 1779909, at \*1 (Me. Super. Ct. Jan. 21, 2021).

## I. Whether the ureau's licensing decision causes irreparable injury to Petitioner.

Petitioner argues that, without a stay, it will be barred indefinitely from operation of a spirits business in Wells, where it made significant infrastructure investments. Petitioner also claims that, without a stay, it will lose approximately $3,000,000 in annual sales, which would likely lead to the closure of its business in Wells. It further claims that the stay would prevent Wells Clipper Mart "from obtaining a vested interest" in AGN-2023-15198, or gaining a competitive advantage in possible future licensing procedures. Petitioner is concerned that, on remand, Wells Clipper Mart's incumbency "would afford it substantial advantages in any competitive bid." The Bureau counters that Petitioner's claimed loss of sales is merely speculative since Petitioner has never before operated a business in Wells. The Bureau adds that granting the stay would not enable Petitioner to sell spirits in Wells; a stay would only prevent Wells Clipper Mart from doing so.

"Irreparable injury" is defined as "injury for which there is no adequate remedy at law." *Bangor Historic Track, Inc. v. Dep't of Agric.*, 2003 ME 140, ¶ 10, 837 A.2d 129 (citations omitted). "Speculative injury does not constitute irreparable harm." *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Bishop*, 839 F. Supp. 68, 74-75 (D. Me. 1993); *Searles v. Girouard*, No. RE-18-110, 2018 WL 4223088, at \*2 (Me. Super. Ct. July 20, 2018) (citations omitted); *see Dirigo Housing Assocs., Inc. v. Crowley*, No. CV-03-156, 2003 WL 22309103, at \*5 (Me. Super. Ct. Sept. 24, 2003) ("The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against the claim of irreparable harm.") (citation omitted).

3

First, Petitioner has not shown how, absent a stay, it will be barred "indefinitely" from operating a spirits business in Wells. It is true that there is a statutory limitation upon the number of agency liquor stores within a municipality that the Bureau may license.[3] 28-A M.R.S. § 453(1-A) (2023). However, there is a possibility that the Bureau will issue additional licenses in the future, which Petitioner will be able to compete for, if Wells' population reaches or surpasses 15,000. Also, licenses granted by the Bureau must be renewed annually. 28-A M.R.S. § 458 (2023). A current licensee may fail to renew their license or the Bureau may deny its application for renewal, in which case Petitioner could be licensed as an alternate licensee. *Id.* Hence, any bar to Petitioner's ability to compete for an agency liquor store license to sell spirits in Wells is not limitless.

Second, the Court finds that, based on the administrative record, Petitioner's complained of loss of $3,000,000 in annual sales is speculative. Petitioner has not operated a spirits business in Wells under a Class VIII License for the Sale of Beer, Wine and Spirits.[4] And, as the Bureau points out, granting the requested stay will not remedy Petitioner's claimed lost sales. The stay would prevent Wells Clipper Mart from operating its spirits business. It would not enable Petitioner to sell spirits. Third, Petitioner's prospective investments in a spirits business in Wells were burdened by the possibility that no new agency liquor store license would be issued to Petitioner. In other words, it undertook its investments in a spirits business in Wells notwithstanding the risk

---

[3] The Bureau may license six agency liquor stores in a municipality with a population between 10,000 and 15,001, and it may license seven such stores in a municipality with a population between 15,000 and 20,001. § 453(1-A)(E)-(F). According to the 2020 Census, during 2020 Wells had a population of approximately 11,314. *E.g.*, Admin. Record. Ex. B, 4.

[4] The Court notes that "licenses do not create a protected property interest when broad discretion is vested in a state official or agency to deny or approve the application." *Munjoy Sporting & Athletic Club v. Dow*, 2000 ME 141, ¶ 11, 755 A.2d 531 (citation omitted). That is the case here. *See* 18-553 C.M.R. ch. 130, §§ 1-10 (2013). When a licensing agency is vested such discretion, "an applicant has little more than an abstract or unilateral expectation in that license." *Dow*, 2000 ME 141, ¶ 11, 755 A.2d 531 (discussing cases). The fact that Petitioner wields only a unilateral expectation in the license at issue amplifies the speculative nature of its claimed injury.

4

that store would not be licensed to do that business. "Such matters of reality of pure economics in the business world is serious and may be devastating" to Petitioner, "but it is not necessarily an irreparable injury." *York Hosp. v. Perfetto*, No. AP-03-70, 2004 WL 1433641 (Me. Super. Ct. Mar. 16, 2004). For all of these reasons, Petitioner has not carried its burden to show irreparable harm.

**II. Whether a stay would cause no substantial harm to adverse parties or the general public.**

Petitioner argues that granting a stay will merely return the market to the status quo that existed prior to the Bureau issuing AGN-2023-15198 to Wells Clipper Mart. Return to the status quo, however, will not be without significant harmful consequences to Wells Clipper Mart and the public. Wells Clipper Mart is currently selling spirits pursuant to the license and earning revenues therefrom. The State, in turn, is collecting tax revenues from the sale of spirits by Wells Clipper Mart. Granting a stay will require the Bureau to retract the license, thereby depriving Wells Clipper Mart of the ability to sell spirits and earn revenues therefrom for the duration of the stay. Since a stay would not allow the Petitioner to sell spirits, the State (and hence the general public) would be deprived of the associated sales tax revenues from either location. Additionally, the general public in Wells would be deprived of the convenience of having a sixth location licensed to sell spirits. Accordingly, Petitioner cannot meet its burden to show no substantial harm to adverse parties or the general public were the Court to issue a stay.

## CONCLUSION

For the foregoing reasons, the Court declines to issue a stay. Because the Court concludes that Petitioner cannot demonstrate immediate irreparable harm to it flowing from the Bureau's decision to issue AGN-2023-15198 to Wells Clipper Mart through a competitive licensing procedure, and that no substantial harm would befall adverse parties or the general public, it is unnecessary for the Court to reach Petitioner's likelihood of success on the merits. *See Munjoy S.*

5

*& A. Club v. Malcolm DOW*, No. CV 98-56, 1998 WL 35167221, at *1 (Me. Super. Ct. Feb. 25, 1998). Pozzi, LLC's Motion for Judicial Stay of Final Agency Action is DENIED.

So ordered.

The Clerk is instructed to enter this Order on the docket for this case by incorporating it by reference. M.R. Civ. P. 79(a).

Dated: 8-3-2023

_____
Michael A. Duddy, Judge
Business & Consumer Court

Entered on the docket: 08/04/2023

6